FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUN 1 6 2015

JAMES W. McCORMACK, CLERK
By: /s/ _____
                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

**KENNETH DEWAYNE IVY**                                    **PLAINTIFF**

VS.                    Case No. 3:15-cv-166 - PPM

**UNION PACIFIC CORPORATION and**                          **DEFENDANTS**
**UNION PACIFIC RAILROAD COMPANY**

## ORIGINAL COMPLAINT

COMES now Plaintiff Kenneth Dewayne Ivy ("Mr. Ivy"), by and through his attorneys Chris Burks and Josh Sanford of the Sanford Law Firm, PLLC; Lawrence Mann of Alper & Mann, and the JTB Law Group LLC, and hereby alleges upon information and belief, as follows:

**I.**

## PRELIMINARY STATEMENT

1. Mr. Ivy brings this action under this Court's diversity jurisdiction to recover damages for grievous personal injuries suffered at the hands of Defendants.

2. Specifically, this action is brought to recover damages for harms suffered as a direct and proximate result of Defendants' negligence in failing to maintain safe and effective brakes on its railcars in accordance with industry standards and federal law, and for negligently failing to set and failing to properly set brakes in accordance with industry standards on cars it knew Mr. Ivy would be using in the course of his employment.

---

1  This case assigned to District Judge Marshall
   and to Magistrate Judge Deere

## II.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, because there is complete diversity of parties and the amount in controversy is greater than $75,000.

4. This Court has subject matter jurisdiction over the Fourth Count pursuant to 28 U.S.C. § 1331, because this action involves the Federal Employers Liability Act, 45 U.S.C. §§ 51-60, a federal statute.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b) and (c) because a substantial part of the acts or omissions giving rise to this action occurred in this District, and Defendants are subject to personal jurisdiction in this District.

## III.

## THE PARTIES

6. Defendant **UNION PACIFIC CORPORATION** is a Utah corporation with its principal place of business in Omaha, Nebraska.

7. Defendant **UNION PACIFIC CORPORATION** is the parent company of Defendant Union Pacific Railroad Company.

8. Defendant **UNION PACIFIC RAILROAD COMPANY** is a Delaware corporation engaged in interstate commerce by railroad, and engaged in the operation of a system of railways as a common public carrier of rail services for hire among the various states of the United States.

9. At all times relevant to this Complaint, Defendants conducted business in Jonesboro, Craighead County, Arkansas.

10. Mr. Ivy is a resident of and domiciled in Thornton, Colorado.

## IV.

## FACTUAL ALLEGATIONS

### a. *Mr. Ivy's Employment Entailed Using Railcars Provided And Maintained By Defendants.*

11. Mr. Ivy repeats and re-alleges all preceding paragraphs of the Complaint, as if fully set forth herein.

12. Mr. Ivy started working as a temporary worker at Riceland Foods, Inc. ("Riceland") in 2007.

13. In or around 2011, Mr. Ivy started working as a Track Mobile Operator for Riceland.

14. Mr. Ivy worked as a Track Mobile Operator until November 20, 2013.

15. Mr. Ivy's employment at Riceland ended on November 20, 2013.

17. While working for Riceland on November 20, 2013, Mr. Ivy was the victim of an accident involving a train car in which he lost or severely damaged three of his four limbs and lost large amounts of skin from his torso.

18. As a Track Mobile Operator, Mr. Ivy worked in a rail yard property (the "Yard") located at 216 G Street, Jonesboro, Arkansas.

19. Defendants maintained the railroad freight cars that Mr. Ivy worked on.

20. Defendants had a duty to maintain the railroad freight cars that Mr. Ivy worked on.

21. Once the freight cars were filled with Riceland's products, Defendants picked up the loaded freight cars at the Yard and delivered them to their destination, where the products were unloaded.

22. After the products were unloaded, Defendants returned the freight cars to the Riceland Yard.

23. In the course of his employment with Riceland, Mr. Ivy depended on Defendants to properly maintain brakes on the freight cars, so that such brakes were not defective and were safe, according to industry standards and federal law.

24. In the course of his employment with Riceland, Mr. Ivy depended on Defendants to properly set the brakes of the empty freight cars that Defendants left in the Yard.

25. Defendants performed all maintenance of the freight cars at all times.

26. Defendants selected which freight cars would be placed in the Yard.

27. Defendants had control over the condition of the empty freight cars that they placed in the Yard.

28. Until November 20, 2013, Mr. Ivy was a hardworking Riceland employee.

29. Until November 20, 2013, Mr. Ivy was physically robust and active and enjoyed good health and a wide range of physical activities.

### b. Mr. Ivy Is Crushed and Dismembered By Defendants' Railcar Because Of Its Failed Brakes.

30. On November 20, 2013, Mr. Ivy was engaged in his usual employment at the Yard.

31. On November 20, 2013, Defendants left cars on a slope with defective brakes, which were not set or improperly set.

32. The slope on which Defendants left the cars was steep enough that cars would roll on it if brakes were defective and not safe, if they were not set or improperly set, or if they did not apply.

33. On November 20, 2013, Mr. Ivy noticed that Defendants failed to set, or failed to properly set, the brake on one of the empty freight cars.

34. Mr. Ivy attempted to apply the brake to one of the empty freight cars.

35. On that day, when Mr. Ivy attempted to apply the brake to one of the empty freight cars, the brake did not apply.

36. The brake did not apply because Defendants had failed to set the brake or failed to set the brake properly.

37. The brake did not apply because it was defective, improperly maintained, and not safe.

38. Because the brake did not apply, and/or because it was defective, improperly maintained, and not safe, the freight car started to roll.

39. The rolling freight car rolled over Mr. Ivy.

40. Mr. Ivy's legs and left arm were crushed between the rolling freight cars and the ground.

41. Mr. Ivy lost both legs and part of his left arm.

42. As a direct and proximate result of his injuries caused by Defendants' negligence, Mr. Ivy is no longer is employed by Riceland.

43.    Mr. Ivy is unemployed, and unemployable as a result of the November 20, 2013, accident.

44.    As a direct and proximate result of his injuries caused by Defendants' negligence, Mr. Ivy no longer enjoys good health.

45.    As a direct and proximate result of his injuries caused by Defendants' negligence, Mr. Ivy is bedridden and no longer ambulatory.

46.    As a direct and proximate result of his injuries caused by Defendants' negligence, Mr. Ivy no longer is physically robust or active.

47.    As a direct and proximate result of his injuries caused by Defendants' negligence, Mr. Ivy no longer enjoys any physical activities.

48.    Mr. Ivy demands a trial by jury of all issues so triable.

## V.

## FIRST COUNT

### (Negligence - Defective Brakes)

49.    Mr. Ivy repeats and re-alleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

50.    Defendants owed Mr. Ivy a duty of care, arising out of standards established by common industry practice and federal law, to maintain brakes that were not defective, and that were safe.

51.    Defendants violated their duty of care by negligently providing Mr. Ivy with cars equipped with brakes that were defective and not safe.

52. Defendants' violation of their duty of care directly and proximately caused Mr. Ivy grievous and permanent bodily and mental injuries.

53. As a direct and proximate result of Defendants' negligence and violation of their common law duties, including their duty to maintain safe and effective brakes and adhere to industry standards and federal law regarding safe and effective brakes, Mr. Ivy has suffered harms and damages and injuries to, and/or the loss of, his legs, left arm and upper extremity; he sustained injuries to the soft tissues, ligaments, tendons, muscles, blood vessels and nerves of his torso, left arm and upper extremity; he experienced severe pain, suffering, and disfigurement and will continue to experience severe pain, suffering, and disfigurement; he has undergone amputation surgery and may undergo further surgeries; he sought and received medical care and attention and will continue to receive medical care and attention; he incurred medical expenses and will continue to incur medical expenses; he lost wages and benefits and will continue to lose wages and benefits, he has sustained a loss of earning capacity and will continue to have a loss of earning capacity; he has sustained permanent disability; he has sustained and will continue to experience loss of capacity for enjoyment, mental anguish, psychological pain, and emotional torment; all of which is not susceptible of easy calculation but is believed to be considerable, and in excess of $75,000.

## VI.

## **SECOND COUNT**

### (Negligence – Failure To Set Brakes)

54. Mr. Ivy repeats and re-alleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

55. Defendants owed Mr. Ivy a duty of care, arising out of standards established by common industry practice, to set the brakes on the empty freight cars in the Yard.

56. Defendants violated their duty of care by negligently failing to set the brakes on the empty freight cars in the Yard.

57. Defendants' violation of their duty of care directly and proximately caused Mr. Ivy grievous and permanent bodily and mental injuries.

58. As a direct and proximate result of Defendants' negligence and violation of their common law duties, including their duty to set the brakes on the empty freight cars, Mr. Ivy has suffered harms and damages injuries to, and/or the loss of, his torso, both legs, left arm and upper extremity; he sustained injuries to the soft tissues, ligaments, tendons, muscles, blood vessels and nerves of his left arm and upper extremity; he experienced severe pain, suffering, and disfigurement and will continue to experience severe pain, suffering, and disfigurement; he has undergone amputation surgery and may undergo further surgeries; he sought and received medical care and attention and will continue to receive medical care and attention; he incurred medical expenses and will continue to incur medical expenses; he lost wages and benefits and will continue to

lose wages and benefits, he has sustained a loss of earning capacity and will continue to have a loss of earning capacity; he has sustained permanent disability; he has sustained and will continue to experience loss of capacity for enjoyment, mental anguish, psychological pain, and emotional torment; all of which is not susceptible of easy calculation but is believed to be considerable, and in excess of $75,000.

## VII.

## THIRD COUNT

### (Negligence – Failure To Properly Set Brakes)

59. Mr. Ivy repeats and re-alleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

60. Defendants owed Mr. Ivy a duty of care, arising out of standards established by common industry practice, to properly set the brakes on the empty freight cars in the Yard.

61. Defendants violated their duty of care by negligently failing to properly set the brakes on the empty freight cars in the Yard.

62. Defendants' violation of their duty of care directly and proximately caused Mr. Ivy grievous and permanent bodily and mental injuries.

63. As a direct and proximate result of Defendants' negligence and violation of their common law duties, including their duty to properly set the brakes on the empty freight cars, Mr. Ivy has suffered harms and damages injuries to, and/or the loss of, his torso, both legs, left arm and upper extremity; he sustained injuries to the soft tissues, ligaments, tendons, muscles, blood vessels and nerves of his left arm and upper

extremity; he experienced severe pain, suffering, and disfigurement and will continue to experience severe pain, suffering, and disfigurement; he has undergone amputation surgery and may undergo further surgeries; he sought and received medical care and attention and will continue to receive medical care and attention; he incurred medical expenses and will continue to incur medical expenses; he lost wages and benefits and will continue to lose wages and benefits, he has sustained a loss of earning capacity and will continue to have a loss of earning capacity; he has sustained permanent disability; he has sustained and will continue to experience loss of capacity for enjoyment, mental anguish, psychological pain, and emotional torment; all of which is not susceptible of easy calculation but is believed to be considerable, and in excess of $75,000.

## VIII.

## FOURTH COUNT

### (Federal Employers' Liability Act , 45 U.S.C. §§ 51 - 60)

64. Mr. Ivy repeats and re-alleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

65. At all times pertinent to this action, Defendants have constituted a railroad corporation engaged as a common carrier performing rail services throughout the United States and Canada, including in Craighead County, Arkansas, and offering rail services for hire to the public.

66. Mr. Ivy was at the time of his injuries in furtherance of interstate commerce and was a servant working under the direction of Defendants.

67. Mr. Ivy's position and duties with respect to Defendants were such that his employment was subject to the Federal Employers' Liability Act ("FELA"), 45 U.S.C. §§ 51-60.

68. Defendants exercised supervision and control over the physical conduct of Mr. Ivy's work operations.

69. On or about November 20, 2013, Mr. Ivy was injured in the course and scope of his work for Defendant while attempting to apply the braking of railcars on rail tracks located in Jonesboro, Arkansas, when his legs and left arms were crushed between the cars and grounds, which injuries were caused, in whole or in part, by one or more of the following acts or omissions of negligence by Defendant, its agents and/or servants:

A. They failed to provide a reasonably safe place to work;

B. They failed to provide reasonably safe methods for work;

C. They failed to provide reasonably safe equipment for work; and

D. They failed to provide appropriate maintenance of braking equipment.

70. Defendants' acts and omissions as pleaded herein constituted violations of their duties to Mr. Ivy under FELA.

71. As a direct and proximate result of Defendants' negligence and violation of the FELA, Mr. Ivy has suffered harms and damages injuries to, and/or the loss of, his torso, both legs, left arm and upper extremity; he sustained injuries to the soft tissues, ligaments, tendons, muscles, blood vessels and nerves of his left arm and upper extremity; he experienced severe pain, suffering, and disfigurement and will continue to

experience severe pain, suffering, and disfigurement; he has undergone amputation surgery and may undergo further surgeries; he sought and received medical care and attention and will continue to receive medical care and attention; he incurred medical expenses and will continue to incur medical expenses; he lost wages and benefits and will continue to lose wages and benefits, he has sustained a loss of earning capacity and will continue to have a loss of earning capacity; he has sustained permanent disability; he has sustained and will continue to experience loss of capacity for enjoyment, mental anguish, psychological pain, and emotional torment; all of which is not susceptible of easy calculation but is believed to be considerable.

## IX.

## PRAYER FOR RELIEF

**WHEREFORE**, premises considered, Mr. Ivy demands declaratory and monetary judgment and relief against Defendants, and each of them, individually, jointly and severally, as follows:

    A.    That Defendants be summoned to appear and answer this Complaint;

    B.    For an order of this Honorable Court entering judgment in Mr. Ivy's favor against Defendants in a sum which is fair and reasonable in excess of Seventy- Five Thousand Dollars ($75,000.00), plus cost of suit, to be determined at trial;

    C.    For attorneys' fees, costs, and pre-judgment interest; and

        D.    For such other and further relief as this Court deems necessary, just and proper.

Respectfully submitted,

**PLAINTIFF KENNETH DEWWAYNE IVY**

**ALPER & MANN, P.C.**
9205 REDWOOD AVE.
BETHESDA, MARYLAND 20817
TELEPHONE (202) 298-9191

By: *Lawrence Mann*
Lawrence Mann*
Bar No. 43703
lm.mann@verizon.net

AND

**SANFORD LAW FIRM, PLLC**
ONE FINANCIAL CENTER
650 SOUTH SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

By: *Chris Burks*
Chris Burks
Ark. Bar No. 2010207
chris@sanfordlawfirm.com

and *Josh Sanford*
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

AND

**JTB LAW GROUP, LLC**
155 2nd Street, Suite 4
Jersey City, New Jersey 07302
Tel: (201) 630-0000
Fax: (855) 582-5297

By: *Jason T. Brown*
Jason T. Brown*
jtb@jtblawgroup.com
Michael G. Radigan*
michaelradigan@jtblawgroup.com

(*will seek *pro hac vice* admission)

*Attorneys for Mr. Ivy*