IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

KENNETH DEWAYNE IVY                                              PLAINTIFF

VS.                           NO. 3:15-CV-166-DPM

UNION PACIFIC RAILROAD                                           DEFENDANT
COMPANY

## AMENDED ANSWER TO COMPLAINT

Union Pacific Railroad Company and for its Amended Answer to the Complaint states as follows:

1. Defendant admits that Mr. Ivy brings this action under diversity jurisdiction but denies the remaining allegations in Paragraph 1 of the Complaint.

2. Defendant admits that Plaintiff has brought an action but denies the remaining allegations contained in Paragraph 2 of the Complaint.

3. Defendant admits that there is diversity jurisdiction but denies the remaining allegations contained in Paragraph 3 of the Complaint. Defendant Union Pacific Corporation denies that it is subject to personal jurisdiction.

4. The allegations contained in Paragraph 4 of the Complaint are denied.

5. Defendant admits that venue is proper, but denies the remaining allegations contained in Paragraph 5 of the Complaint.

6. Defendant admits the allegations contained in Paragraph 6 of the Complaint.

7. Defendant admits, pursuant to the allegations contained in Paragraph 7 of the Complaint, that Union Pacific Railroad Company is a subsidiary of Union Pacific Corporation.

Union Pacific Corporation incorporates herein the affidavit of Maureen Fong Hinners attached hereto as Exhibit 1.

8. Defendant admits the allegations contained in Paragraph 8 of the Complaint.

9. Defendant admits that Union Pacific Railroad Company conducted business in Jonesboro, Craighead County, Arkansas, but denies the remaining allegations contained in Paragraph 9 of the Complaint.

10. Defendant is without knowledge or information, sufficient to form a belief as to the truth of the averments of Paragraph 10 of the Complaint and therefore denies.

11. Regarding the allegations contained in Paragraph 11, Defendant repeats and restates all of its responses to the preceding Paragraphs of the Complaint as if fully set forth herein.

12. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraphs 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, and 30 contained in Plaintiff's Complaint and therefore denies them.

13. Defendant denies the allegations contained in Paragraphs 31, 32, and 33 of the Complaint.

14. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraphs 34 and 35 of the Complaint and therefore denies.

15. Defendant denies the allegations contained in Paragraphs 36, 37, and 38 of the Complaint.

16. Defendant is without knowledge or information sufficient to form a belief as to

the truth of the averments contained in Paragraphs 39, 40, and 41 of the Complaint and therefore denies.

17.     Defendant denies the allegations contained in Paragraphs 42, 43, 44, 45, 46, and 47 of the Complaint.

18.     Defendant acknowledges that Mr. Ivy has demanded a jury trial in Paragraph 48. Defendant also demands a jury trial.

19.     Regarding the allegations contained in Paragraph 49, Defendant repeats and restates all of its responses to the preceding Paragraphs of the Complaint as if fully set forth herein.

20.     Defendant denies the allegations contained in Paragraph 50, 51, 52, and 53 of the Complaint.

21.     Regarding the allegations contained in Paragraph 54, Defendant repeats and restates all of its responses to the preceding Paragraphs of the Complaint as if fully set forth herein.

22.     Defendant denies the allegations contained in Paragraphs 55, 56, 57, and 58 of the Complaint.

23.     Regarding the allegations contained in Paragraph 59, Defendant restates and realleges all of its responses to the preceding Paragraphs of the Complaint as if fully set forth herein.

24.     Defendant denies the allegations contained in Paragraph 60, 61, 62, and 63 of the Complaint.

25.     Regarding the allegations contained in Paragraph 64 the Complaint, Defendant

realleges and restates all of its responses to the preceding Paragraphs of the Complaint as if fully set forth herein.

26. Regarding the allegations contained in Paragraph 65, Union Pacific Railroad Company admits that it is a railroad corporation engaged as a common carrier performing rail services throughout the United States and Canada including in Craighead County, Arkansas and offering rail services for hire to the public. The remaining allegations are denied.

27. Defendant denies the allegations contained in Paragraphs 66, 67, 68, 69 (including all subparts), 70 and 71.

28. Defendant denies that Plaintiff is entitled to the remedies requested in the prayer for relief, including all subparts.

29. Defendant denies all allegations not specifically admitted herein.

30. Pleading affirmatively, any injuries or damages of Plaintiff were proximately caused by his own negligent conduct and/or the conduct of others for whom Defendant is not legally responsible.

31. Pleading affirmatively, Plaintiff's negligence was the sole cause of any injuries or damages Plaintiff has sustained.

32. Pleading affirmatively, based upon information and belief, Plaintiff has failed to act reasonably to mitigate his damages.

33. Pleading affirmatively, Defendant states that if sick pay, medical bills, supplemental benefits, advances, and/or Railroad Retirement Board benefits have been paid to or on behalf of Plaintiff so Defendant may be entitled to a right of set-off and off-set.

34. Pleading affirmatively, Defendant state that Plaintiff's alleged injuries and

damages were caused, in whole or in part, by pre-existing conditions and/or other contributory or concurrent conditions or factors, including events occurring prior or subsequent to the occurrence(s) made the basis of Plaintiff's Complaint against Defendant, such that responsibility for such damages and/or injuries should be apportioned among pre-existing, contributory, or concurrent factors.

35. Pleading affirmatively, Plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(6) because it fails to state facts upon which relief can be granted.

36. Pleading affirmatively, Defendant denies that Plaintiff was an employee of any defendant within the meaning of FELA and thus the FELA claim should be dismissed pursuant to Rule 12(b)(6) because it fails to state facts upon which relief can be granted.

37. Pleading affirmatively, the FELA claim should be dismissed pursuant to Rule 12(b)(6) because it fails to state facts upon which relief can be granted.

38. Pleading affirmatively, the prejudgment interest claim should be dismissed pursuant to Rule 12(b)(6) because it fails to state facts upon which relief can be granted.

39. Pleading affirmatively, the attorneys' fees claim should be dismissed pursuant to Rule 12(b)(6) because it fails to state facts upon which relief can be granted.

40. Pleading affirmatively, the complaint against Union Pacific Corporation should be dismissed pursuant to Rule 12(b)(2) for lack of personal jurisdiction. Union Pacific Corporation incorporates herein the affidavit of Maureen Fong Hinners attached hereto as Exhibit 1.

41. Pleading affirmatively, the incident described in Ivy's Complaint occurred as a result of one or more acts of Riceland Foods, Inc. ("Riceland") and thereby directly caused the injuries alleged. The Defendant has no legal liability. Riceland should be added as a necessary

third-party.

Riceland is an Arkansas corporation with its principal place of business in Stuttgart, Arkansas. It does business in Jonesboro, Arkansas. According to the Arkansas Secretary of State, Riceland's registered agent is Andrew Dallas and his address is 2120 South Park Avenue, Stuttgart, Arkansas 72160.

On November 20, 2013 (the date of the accident alleged in the Complaint), Ivy was employed by Riceland. On this date, Ivy and a fellow Riceland employee were engaged in the switching of rail cars in the Riceland rail yard located at or around 216 G Street, Jonesboro, Arkansas. They were utilizing a track mobile, owned or leased to Riceland, to switch the rail cars. Ivy or another Riceland employee had set railcar UP 93785 out onto a Riceland track that was on an incline. UP 93785 began to roll down the track. Ivy tried to set the handbrake as the car was rolling, and tripped in the process.

Union Pacific and Riceland's predecessors-in-interest entered into an Agreement dated September 30, 1977, covering the maintenance and operation of the tracks at the Riceland property in Jonesboro. *See* Exhibit 1, attached hereto. This Agreement applies to the relationship between Union Pacific and Riceland. Section 16 of the Agreement provides, in part:

> . . . Industry [Riceland] shall indemnify, protect, and save harmless Railroad from and against all loss, damages, cost, and expense and consequence of death of or injury to persons, whomsoever. . . in any manner caused by, resulting from, or incidental to the existence, maintenance, use or operation of engine or track mobile, or the movement by industry, its agents, servants or employees, of any car or cars on track, or Industry's failure to place and keep engine and track mobile as hereinabove provided, or by reason of Industry's failure to set the brakes or block the wheels of any car or cars after movement thereof by Industry, its agents, servants or employees regardless of the negligence of the Railroad.

The facts of the case dictate indemnity and defense pursuant to Section 16.

Riceland was negligent in the following regards:

    A.    by violating the General Duty Clause of Occupational Safety and Health Act ("OSHA"), which provides that "[e]ach employer shall furnish to each of his employees employment and a place of employment which are free from recognized hazards that are likely to cause death or serious physical harm to his employees. . . ." 29 U.S.C. § 654;

    B.    by failing to adequately train Ivy and other employees;

    C.    by failing to employ safe work practices;

    D.    by failing to provide and require use of personal protective equipment, such as a flashlight;

    E.    by otherwise failing to provide a safe place to work;

    F.    by violating Arkansas Code Annotated Section 11-2-117 (a), which provides that "[e]very employer shall furnish employment that is safe for the employees therein and shall furnish and use safety devices and safeguards. The employer shall adopt and use methods and processes reasonably adequate to render such an employment and place of employment safe and shall do every other thing reasonably necessary to protect the life, health, safety, and welfare of the employees";

    g.    by violating the Arkansas Department of Labor Basis Safety Manual, including but not limited to the following violations:

        i.    Failure to train and instruct the workers;

        ii.    Failure to have careful safety-minded supervision;

        iii.    Failure to insure orderly procedure and use of safe methods of operation;

        iv.    Failure to have proper and adequate personal protective equipment;

      v.     Failure to practice good housekeeping; and

      vi.    Failure to have adequate and proper illumination.

Pursuant to Arkansas law on contribution and apportionment of fault, Union Pacific is entitled to have Riceland on the verdict form so that the jury can determine the allocation of fault of the parties so that the several liability of Union Pacific, if any, can be determined. Defendant further demands contribution and indemnity pursuant to all applicable statutes and case law.

42.    In the alternative, if Riceland is not added as a Third-Party, then the Defendant demands allocation and apportionment of the relative degrees of fault of all parties who are appropriately at fault under the Arkansas Comparative Fault Statutes, including Ark. Code. Ann. § 16-64-122, the Civil Justice Reform Act of 2003, as codified at Ark. Code. Ann. § 16-61-201 *et. seq.* and an allocation of fault of all parties and relevant *non-parties* in accordance with Ark. Code. Ann. § 16-61-201 *et. seq.* and all applicable statutes and case law. Defendant is entitled to have Riceland on the verdict form as a non-party and incorporates its previous affirmative defense as if set out word for word.

43.    Defendant affirmatively states that if the Plaintiff release one or more joint tortfeasors, Defendant is entitled to reduce any damages awarded to Plaintiff by the amount stated in Ark. Code Ann. § 16-61-204(c).

44.    Defendant affirmatively states that, pursuant to Ark. Code Ann. § 16-61-204(d) and Arkansas Rules of Civil Procedure 49(c) and 52, effective January 1, 2015, it is entitled to have the jury determine the fault of all joint tortfeasors, including those who may be released following a settlement, in order to determine the released tortfeasor's pro-rata share of responsibility for the Plaintiff's damages.

45.     Defendant reserves the right to plead further and reserves objections on the basis of improper venue, failure to join a party under Rule 19, if any, and the affirmative defenses available under Rule 8, including, but not limited to, discharge in bankruptcy, duress, estoppel, fraud, illegality, laches, release, statute of frauds, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense.

WHEREFORE, Defendant hereby answers the Plaintiff's Complaint and is entitled to as dismissal as set out above, their fees and expenses and all other relief to which it may be entitled.

Respectfully submitted,

James C. Baker, Jr., #86009
Jamie Huffman Jones, #2003125
FRIDAY, ELDREDGE & CLARK, LLP
400 West Capitol Avenue
Suite 2000
Little Rock, Arkansas 72201-3522
(501) 370-1430 - Telephone
(501) 244-5340 - Facsimile
baker@fridayfirm.com – Email
jjones@fridayfirm.com – Email
*Attorneys for Defendant Union Pacific Railroad Corporation and Union Pacific Railroad Company*

By: /s/ Jamie Huffman Jones
    Jamie Huffman Jones

## CERTIFICATE OF SERVICE

  I, Jamie Huffman Jones, hereby certify that a copy of the foregoing has been served upon the following counsel of record on this 3rd day of May, 2016:

| | |
|---|---|
| Josh Sanford | Jason T. Brown |
| Christopher Burks | Michael G. Radigan |
| Sanford Law Firm, PLLC | JTB Law Group, LLC |
| 650 S. Shackleford, Suite 411 | 155 Second Street, Suite 4 |
| Little Rock, AR  72211 | Jersey City, NJ  07302 |
| josh@sanfordlawfirm.com | jtb@jtblawgroup.com |
| chris@sanfordlawfirm.com | michaelradigan@jtblawgroup.com |

Lawrence Mann
Alper & Mann, P.C.
9205 Redwood Avenue
Bethesda, MD  20817
lm.mann@verizon.net

            /s/ Jamie Huffman Jones
             Jamie Huffman Jones