IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

**KENNETH DEWAYNE IVY**                                                                 **PLAINTIFF**

v.                         Case No. 3:15-CV-00166

**UNION PACIFIC RAILROAD COMPANY**                                           **DEFENDANT**

v.

**RICELAND FOODS, INC.**                                              **THIRD PARTY DEFENDANT**

## ANSWER OF RICELAND FOODS, INC. TO THIRD PARTY COMPLAINT

Third Party Defendant, Riceland Foods, Inc., for its Answer to Union Pacific Railroad Company's Third Party Complaint, states as follows:

1. Upon information and belief, admits the allegations in paragraphs 1, 2 and the third paragraph of the Third Party Complaint, which is incorrectly numbered as the second paragraph #2.

2. Denies the allegations in paragraph 3.

3. Riceland reasserts its responses to the allegations referenced in paragraph 4.

4. Admits the allegations in paragraph 5.

5. Pleading to the allegations in paragraphs 6 and 7, Riceland states that Ivy's Original Complaint speaks for itself.

6. Pleading to the allegations in paragraph 8, Riceland admits that Ivy and fellow Riceland employee Steve Futrell were moving rail cars in the Riceland yard when the accident occurred. Riceland denies the remaining allegations in paragraph 8.

7. Riceland reasserts its responses to the allegations referenced in paragraph 9.

8. Pleading to the allegations in paragraphs 10, 11 and 12, Riceland admits that Union Pacific and Riceland's predecessors-in-interest entered into an Agreement dated September 30, 1977 and that Exhibit 1 to the Third Party Complaint is a copy of that agreement. Riceland further states that the agreement speaks for itself. Denies the remaining allegations in paragraphs 10, 11, and 12.

9. Riceland reasserts its response to the allegations referenced in paragraph 13.

10. Pleading to paragraph 14, Riceland admits that the General Assembly enacted Act 1116 of 2013 and that portions of the Civil Justice Reform Act of 2003 remain the law. Denies any remaining allegations in paragraph 14.

11. Pleading to paragraph 15, Riceland states that it contains conclusions of law and does not state factual allegations against it. Denies any remaining allegations in paragraph 15 and denies that Riceland could be liable to plaintiff Ivy due to Ivy's exclusive remedy in worker's compensation.

12. Denies the allegations in paragraph 16.

13. Denies that Riceland was negligent and denies the allegations in paragraph 17 and all subparagraphs.

14. Paragraph 18 contains a conclusion of law; denies the allegations in paragraph 18 to the extent that Riceland can be liable to plaintiff Ivy because of the exclusive remedy of worker's compensation.

15. Paragraph 19 does not state allegations against Riceland.

16. Denies all remaining allegations that are not specifically admitted herein.

17. The Third Party Complaint fails to state a claim upon which relief can be granted against Riceland.

18. Affirmatively states that Riceland is immune from tort liability to plaintiff Ivy and, therefore, it cannot be a joint tortfeasor as asserted in the Third Party Complaint and contribution cannot be had against a party that is not liable in tort.

19. Affirmatively pleads exclusiveness of remedy under worker's compensation law pursuant to Article V § 32 of the Arkansas Constitution (as amended) and Ark. Code Ann. § 11-9-101 et seq.

20. To the extent that the Uniform Contribution Among Tortfeasors Act as enacted in Arkansas (Ark. Code Ann. § 16-61-201 et seq.) conflicts with the Worker's Compensation Act and/or Article V § 32 of the Arkansas Constitution, then it is void and unenforceable as a matter of law.

21. Affirmatively pleads the lack of a justiciable controversy; the claims in the third party complaint are not ripe; and the third party plaintiff lacks standing to make the claims asserted in its third party complaint.

22. Affirmatively pleads that to the extent the indemnity agreement contained within Exhibit 1 to the Third Party Complaint violates federal law or is preempted by federal law because it is an attempt to shift a non-delegable duty under FELA to Riceland.

23. Affirmatively states that any recovery made by Ivy in the case at bar would be subject to a setoff for worker's compensation benefits previously paid to or on behalf of Mr. Ivy.

24. Reserves the right to file amended and supplemental pleadings herein.

WHEREFORE, Third Party Defendant, Riceland Foods, Inc., requests that the Third Party Complaint be dismissed, for its costs, and for all other proper relief.

Respectfully submitted,

Barry Deacon (75030)
J. Barrett Deacon (2001201)
Whitney D. Lloyd (2014098)
DEACON LAW FIRM, P.A.
P.O. Box 1506
Fayetteville, AR 72702
(479) 582-5353 – phone
(479) 582-5454 – fax
bdeacon@deaconlawfirm.com
jbdeacon@deaconlawfirm.com
wlloyd@deaconlawfirm.com


By:  /s/ J. Barrett Deacon
Attorneys for Riceland Foods, Inc.

**CERTIFICATE OF SERVICE**

      I hereby certify that on May 27, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, who will send notification of such filing to:

Josh Sanford
Christopher Burks
SANFORD LAW FIRM, PLLC
650 S. Shackleford; Suite 411
Little Rock, AR 72211

Jason T. Brown
Michael G. Radigan
JTB LAW GROUP, LLC
155 Second Street; Suite 4
Jersey City, NJ 07302

Lawrence Mann
ALPHER & MANN, PC
9205 Redwood Avenue
Bethesda, MD 20817

James C. Baker, Jr.
Jamie Huffman Jones
FRIDAY, ELDREDGE & CLARK, LLP
400 West Capitol Ave.; Suite 2000
Little Rock, AR 72201

on this 27th day of May, 2016.

                                            */s/ J. Barrett Deacon*
                                             J. Barrett Deacon